# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ARENT FOX PLLC<br>1050 Connecticut Avenue, N.W.<br>Washington, DC  20036,<br><br>                 Plaintiff,<br><br>                 v.<br><br>FINNAREN & HALEY, INC.<br>2320 Haverford Road<br>Ardmore, PA  19003,<br><br>                 Defendant. | Civil Action No. |

## COMPLAINT FOR BREACH OF CONTRACT AND QUANTUM MERUIT

Plaintiff Arent Fox PLLC ("Arent Fox") files this Complaint against Defendant Finnaren & Haley, Inc. ("Finnaren") and states as follows:

## PARTIES

1.  Plaintiff Arent Fox is a D.C. Professional Limited Liability Company engaged in the practice of law in the District of Columbia, with its principal place of business at 1050 Connecticut Avenue, N.W., Washington, D.C.  20036.  All of Arent Fox's members are citizens of states other than Pennsylvania.  Thus, for purposes of diversity of citizenship, pursuant to 28 U.S.C. § 1332, Arent Fox is not a citizen of Pennsylvania.

2.  Defendant Finnaren is a Pennsylvania corporation with its principal place of business in Pennsylvania.  For purposes of diversity of citizenship, pursuant to 28 U.S.C. § 1332, Finnaren is deemed to be a citizen of Pennsylvania.

LDR/164754.1

## JURISDICTION

3. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. This civil action is between citizens of different states, with complete diversity. The allegations upon which Plaintiff bases this action involve matters in controversy that exceed the sum or value of $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction in that Defendant contacted Arent Fox in the District of Columbia to perform work in the District of Columbia, and Arent Fox performed work in the District of Columbia. In addition, Defendant agreed to be sued in the District of Columbia.

## FACTS

5. Finnaren engaged Arent Fox in May of 2004 to provide legal services to Finnaren in connection with representing Finnaren in a proceeding (the "Proceeding") before the Occupational Safety and Health Administration ("OSHA").

6. In the Proceeding, OSHA initiated 27 charges against Finnaren, and alleged that Finnaren knowingly exposed its employees to unsafe workplace conditions with a substantial probability of death or serious bodily harm.

7. Finnaren informed Arent Fox that the changes OSHA sought would put Finnaren out of business.

8. Finnaren informed Arent Fox that the changes OSHA sought would be prohibitively expensive.

9. As of the time that Finnaren filed the Notice of Contest in response to OSHA's citations, Finnaren, its affiliates Weather Barrier, Inc. and Spring Mill Corporation employed 181 employees and had a net worth of approximately $4,077,219.

10. Steve Arendt, the expert who investigated the allegations regarding the Process Safety Management Standard, estimated that Finnaren would have to spend approximately $500,000 initially and $75,000 annually thereafter in order to achieve compliance with OSHA's Process Safety Management Standard.

11. Mark Durham, the expert who investigated the allegations regarding the forklift item and the potential hazardous atmosphere, indicated that Finnaren would have to spend approximately $500,000 to purchase forklifts which could safely operate in a hazardous atmosphere.

12. Had Finnaren incurred the above costs in an attempt to achieve compliance with what OSHA demanded, it would have had a devastating effect upon the financial condition of Finnaren and would likely have put it out of business.

13. As a result, Finnaren was forced to vigorously defend its safety programs in response to the twenty-seven citation items.

14. Arent Fox's billing practices applicable to this engagement were disclosed in writing to Finnaren in an Engagement Letter, dated May 10, 2004.

15. Finnaren signed the Engagement Letter before Arent Fox performed work on the Proceeding.

16. Finnaren agreed to the terms of the Engagement Letter.

17. The terms of Arent Fox's engagement provided for Finnaren to promptly pay Arent Fox for services rendered.

18. Where Finnaren failed to pay promptly, Arent Fox had the right to charge Finnaren interest at the rate of 1% per month on statements not paid within 30 days. In addition,

Finnaren agreed to be responsible for all collection costs incurred by Arent Fox including attorney's fees.

19. Pursuant to the terms of the engagement Arent Fox fully and adequately performed legal services for Finnaren in connection with the matter.

20. OSHA dropped all charges against Finnaren in the Proceeding.

21. As of December 14, 2005, Finnaren owed $ 232,692.59 in legal fees and costs for services rendered, exclusive of interest and exclusive of costs and expenses relating to collection. Said amounts are reflected in invoices submitted to Finnaren. With interest, Finnaren owes Arent Fox at least $ 18,000.

## COUNT I
### (Breach of Contract)

22. Arent Fox realleges and incorporates the factual allegations set forth in the preceding paragraphs by reference as if fully set forth herein.

23. Arent Fox and Finnaren entered into a valid and enforceable contract for Arent Fox's legal services.

24. Arent Fox has fully performed its duties under the contract by competently and skillfully performing legal services for Finnaren.

25. Finnaren has not paid all of the bills that Arent Fox has submitted to it for work related to the Proceeding.

26. Finnaren has breached its contract with Arent Fox by failing to pay Arent Fox the balance due and owing under the contract.

27. As a result of Finnaren's breach, Arent Fox has sustained damages not less than $ 232,692.59 for services rendered plus interest as provided by contract.

## COUNT II
### (Quantum Meruit)

28.  Arent Fox realleges and incorporates the factual allegations set forth in the preceding paragraphs by reference as if fully set forth herein.

29.  Arent Fox provided valuable legal services to Finnaren, worth not less than $ 232,692.59, exclusive of interest thereon.

30.  Finnaren accepted and benefited from the legal services provided by Arent Fox.

31.  Arent Fox notified Finnaren that it expected to be paid for such legal services.

32.  Finnaren did not pay Arent Fox for legal services rendered by Arent Fox.

33.  As a result, Finnaren has been unjustly enriched by receipt and enjoyment of legal services without payment and for which payment was expected and requested, the value of such enrichment is equal to the unpaid legal fees plus interest set forth herein.

**WHEREFORE**, Plaintiff Arent Fox prays for entry of judgment in favor of Plaintiff and against Defendant Finnaren as follows:

(A)     Money damages in the sum of $ 232,692.59 or such other amount due as may be proven by Arent Fox in this action;

(B)     Prejudgment interest calculated at the rate of 1% per month on each invoice, unpaid after thirty days, with interest continuing to accrue at the rate of 1% per month until judgment, and interest at the judgment rate thereafter;

(C)     Attorneys' fees and costs of collection as may be proven by Arent Fox in this action; and

(D)     Such additional relief as the Court shall deem necessary and proper.

       /s/ Gary C. Tepper
Gary C. Tepper, Bar No. 348698
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
202-857-6000

Dated:  December 16, 2005             Attorneys for Plaintiff Arent Fox PLLC